BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KIMBERLY HOPKINS (MABN 668608)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Kimberly.hopkins@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO GONZALEZ, <br><br> Defendant. | NO. CR 16-00117 JSW <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America requests that defendant Francisco Gonzalez be sentenced to 188 months of imprisonment, to be followed by five years of supervised release, and ordered to pay a $200 special assessment.

**INTRODUCTION**

On March 17, 2016, the defendant Francisco Gonzalez was charged in a two count Information with violations of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii), Possession with Intent to Distribute and Distribution of Methamphetamine (Count One), and 18 U.S.C. §922(g), Felon in Possession of a Firearms and Ammunition (Count Two).  On May 31, 2016, the defendant pled guilty to both counts of the Information.  The United States agrees with the Guidelines calculations set forth in the Presentence Investigation Report ("PSR") and recommends a sentence of 188 months of imprisonment.

The defendant, a 25-year-old with a criminal history that involves carrying a loaded firearm and drug offenses, possessed with intent to distribute approximately 973 grams of actual methamphetamine, and possessed nine firearms and 208 rounds of ammunition, between July 21, 2015 and August 17, 2015.  The defendant accepted responsibility fairly quickly in this case and pled guilty to a plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  He should now be sentenced to the low end of the applicable Guidelines range, that is, 188 months' imprisonment, which is an appropriate sentence in this case.

## ARGUMENT

It is now well established that in determining the appropriate sentence, this Court must conduct a two-step inquiry: (1) it must first correctly calculate the applicable Guidelines range as the "starting point"; and (2) it must next assess the factors set forth in 18 U.S.C. § 3553(a) to fashion an individualized sentence that is sufficient, but not greater than necessary, to achieve the aims of the statute.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

### I.  DEFENDANT'S APPLICABLE GUIDELINES RANGE IS CORRECTLY CALCULATED IN THE PSR

The United States agrees with the Guidelines calculations set forth in the PSR.  The minimum term of imprisonment for Count One is 10 years.  PSR ¶ 61.   Based upon a total offense level of 33 and a criminal history category of IV, the Guidelines imprisonment range is 188 to 235 months.  PSR ¶¶ 30, 38, 62.

### II.  PURSUANT TO THE SENTENCING GUIDELINES AND APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a), A SENTENCE OF 188 MONTHS IMPRISONMENT IS REASONABLE.

Between July 21, 2015 and August 17, 2015, the defendant sold 973 grams of actual methamphetamine, nine firearms (several of which were stolen), and 208 rounds of ammunition to an undercover agent.  The defendant is a known Norteno gang member and admitted to the undercover agent that he represented and trafficked narcotics on behalf of the Sinaloa Mexican drug cartel.  PSR ¶ 8.

A review of defendant's criminal record reveals he has four criminal convictions: (1) one juvenile misdemeanor conviction for Possession of a Controlled Substance, on March 20, 2008, (2) one misdemeanor conviction for Reckless Driving on December 9, 2011; (3) one felony conviction for

Carrying a Loaded Firearm in Public, on July 8, 2014; and (4) one felony conviction for Possession of a Controlled Substance for Sale, on July 8, 2014. PSR ¶¶ 32-35. The defendant committed the instant offense while on a term of probation for his July 8, 2014 drug conviction. PSR ¶ 37.

Given his age, the defendant's criminal history is concerning, especially since it involves a pattern of firearm and drug offenses. The defendant's crimes are serious, as reflected in their statutory maximum and mandatory minimum punishments. The defendant's prior convictions did not prevent him from engaging in additional more serious crimes. However, in light of the defendant's early and steadfast willingness to plead guilty and accept responsibility, a bottom of the guidelines sentence of 188 months is a reasonable sentence under 18 U.S.C. § 3553(a), and will deter the defendant from engaging in any future criminal conduct.

The Supreme Court recently noted that the "Guidelines. . . seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 127 S. Ct. 2456, 2464 (2007). These factors or considerations include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and provide the defendant with needed training and medical care. 18 U.S.C. § 3553(a). A sentence of 188 months of imprisonment achieves all of these sentencing goals, especially promoting respect for the laws of the United States, affording adequate deterrence, and protecting the public from further crimes of the defendant.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court determine that the defendant's Guidelines offense level is 133, and his criminal history category is IV. The United States further respectfully requests that taking into consideration the sentencing factors set forth in Section 3553(a), the Court sentence the defendant to 188 months of imprisonment, 5 years supervised release, and order the defendant to pay a $200 special assessment.

DATED: September 6, 2016              Respectfully submitted,

                                                  BRIAN J. STRETCH
                                                  United States Attorney

                                                  _____/s/_____
                                                  KIMBERLY HOPKINS
                                                  Assistant United States Attorney